[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DISPOSITIONAL FINDINGS
Having found by clear and convincing evidence after a default trial on August 15, 1997 that the parents of Tyeisha have abandoned her; that her parents have failed to rehabilitate themselves; and that there is no on-going parent-child relationship, the court entered an order terminating her parents' parental rights. The court found upon clear and convincing evidence that termination of parental rights is in Tyeisha's best interest.
The court now articulates the required dispositional findings.
 I. Timeliness, Nature and Extent of Services offered by DCF
The Commissioner of the Department of Children and Families (Commissioner or DCF) took physical custody of Tyeisha at her birth on July 21, 1995, because respondent mother presented as a person struggling with drug use and addiction. At that time her father was not a resource for her. The Commissioner has CT Page 9833 continuously offered and made available to respondent mother services for drug and alcohol evaluations, and treatment. Either, the Commissioner offered housing to respondent mother, and provided her with supervised visitation with Tyeisha. Respondent mother last visited with Tyeisha on April 10, 1996.
Tyeisha's named father has not made himself available for services. He has had only one contact with Tyeisha since her birth. On January 18, 1996 respondent father contacted DCF and indicated that he was receiving treatment for drug addiction, and he requested a paternity test. Although the test was scheduled, respondent father failed to appear for the test.
 II. The Terms of any Court Order entered into and the Extent to which Parties have fulfilled their Expectations
According to court records neither respondent mother nor respondent father was present at the trial on the neglect petition, and no court ordered expectations were entered as to either of them.
 III. The Feelings and emotional Ties of the Child with respect to his Parent, and with any Person Who has exercised physical Care, Custody or Control of the Child
The child is not attached emotionally to her natural mother or father. Since birth she has had only five hours of contact with her natural mother. However, the child is attached to her foster parent whom she views as her mother.
 IV. The Age of the Child Tyeisha is two years of age.
 V. The Efforts the Parent has made to adjust his Circumstances, conduct or Conditions to make it in the best Interest of the Child to return Him to his Home in the foreseeable Future.
According to the information made available to DCF respondent mother has not adjusted her circumstances, conduct or conditions so as to accommodate a finding that the return of Tyeisha to her mother would be in her best interest. The information available CT Page 9834 to DCF as to the father is insufficient to find that Tyeisha's return to her putative father would be in her best interest.
 VI. The extent to which a Parent has been prevented from maintaining a meaningful Relationship with the Child by the unreasonable Act or Conduct of any Person or by the economic Circumstances of the Parent
Neither respondent mother nor respondent father has been prevented from maintaining a meaningful relationship with minor Tyeshia.
Clarance J. Jones, Judge